Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| COLEGIO MI CUIDO Y EDUCACIÓN, INC., ET ALS<br><br>Recurridos<br><br>v.<br><br>RAÚL ANTONIO ORTIZ DÁVILA, ET ALS<br><br>Peticionarios | KLCE202400241 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2022CV00094 (208)<br><br>Sobre: Acción Reivindicatoria |

Panel integrado por su presidenta, la Jueza Grana Martínez,[1] la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 23 de abril de 2024.

Comparece ante nos el señor Raúl Antonio Ortiz Dávila, su esposa, la señora Elizabeth Gómez Acevedo y la Sociedad Legal de Bienes Gananciales compuesta por estos, ("matrimonio Ortiz-Gómez" o "los Peticionarios"), mediante *Petición de certiorari* presentada el 27 de febrero de 2024. Nos solicitan que revisemos diez (10) órdenes emitidas el 15 de febrero de 2024, por el Tribunal de Primera Instancia, Sala Superior de Humacao ("foro primario" o "foro *a quo*"). Mediante las referidas órdenes, el foro primario ordenó el descubrimiento de prueba de ciertos documentos y a su vez, le impuso una sanción de $10,666.75 en concepto de honorarios de abogado, más los gastos relacionados al descubrimiento de dicha prueba. En desacuerdo, los Peticionarios presentaron una solicitud

---

[1]Mediante Orden Administrativa OATA-2024-030 se designó a la Hon. Grace Grana Martínez en sustitución de la Hon. Olga E. Birriel Cardona, ya que ésta se acogió a los beneficios de retiro.

Número Identificador

SEN(RES)2024_____

de reconsideración, la cual fue declarada *No Ha Lugar* mediante *Orden* emitida y notificada el 22 de febrero de 2024.

Por los fundamentos expuestos a continuación, **expedimos** el recurso de *certiorari* y **revocamos** las órdenes recurridas.

## I.

El 31 de enero de 2022, el Colegio Mi Cuido y Educación, Inc. ("Colegio" o "Recurrido") y la señora Irma I. Fontánez,[2] como Presidenta del Colegio, incoaron una *Demanda*[3] sobre acción civil contra los Peticionarios y Desiderata Realty, LLC ("Desiderata"). Además, se incluyó a la Cooperativa de Ahorro y Crédito Las Piedras, como parte con interés.[4] En lo pertinente a la controversia ante nuestra consideración, los Recurridos alegaron que adquirieron de Desiderata una propiedad mediante la Escritura Número Nueve (9), otorgada el 15 de junio de 2020 ante el notario Víctor Martínez Cruz. La aludida finca consta inscrita en el Folio 126, Tomo 54 del Registro de la Propiedad del municipio de Las Piedras.

Surge de las alegaciones de la *Demanda*, que la propiedad de los codemandados Ortiz-Gómez consta inscrita al Folio 225 del Tomo 61 del Registro de la Propiedad del municipio de Las Piedras. De igual forma, los Recurridos esbozaron que su propiedad es la finca principal o matriz, que luego fue segregada en lotes, de los cuales uno de ellos constituye la finca adquirida por el matrimonio Ortiz-Gómez.

Asimismo, alegaron que una franja de la propiedad antes mencionada constituye el único acceso legal de la finca hacia la vía pública. Adujeron que los esposos Ortiz-Gómez han actuado como edificantes de mala fe y en ánimo de usurpar su propiedad, incoaron

---

[2] Mediante *Sentencia Parcial* emitida el 18 de mayo de 2023, el foro primario declaró el desistimiento sin perjuicio la reclamación por parte de la co demandante Irma I. Fontánez. Véase Apéndice *certiorari*, pág. 251.

[3] Apéndice *certiorari,* págs. 170-201.

[4] Mediante *Sentencia* emitida el 19 de octubre de 2022, se desestimó las causas de acción levantadas contra la Cooperativa de Ahorro y Crédito Las Piedras. Véase Apéndice *certiorari,* págs. 241-250.

una acción de interdicto posesorio (HU2020CV00690), en la que el foro primario determinó que había sido perturbada la posesión. Por tal razón, instaron la presente demanda. En esta invocaron la protección registral, solicitaron la reivindicación de la propiedad y una cantidad de no menor de $150,000.00 por concepto de los daños ocasionados por haber edificado y construido en terreno ajeno. Además, solicitó que se ordenara la demolición y remoción de toda obra o estructura realizada por estos, incluyendo los portones y verjas. También, solicitaron daños continuos que estiman en no menos de un millón de dólares.

En cuanto a las alegaciones contra Desiderata, los Recurridos le imputaron el haber violentado la cláusula cuarta de la Escritura de Compraventa suscrita entre ellos, la cual disponía que *"aseguraba tener el suficiente título válido en derecho para vender dicha propiedad sin más cargas, gravámenes y/o limitaciones que las establecidas en la referida escritura."*[5] Por tanto, argumentó que Desiderata Realty incumplió con sus obligaciones como vendedor.

Transcurridos varios trámites relacionados al descubrimiento de prueba, el 1 de noviembre de 2023, se celebró la *Conferencia Inicial*. Conforme establece la *Minuta*,[6] las partes argumentaron sobre las controversias relacionadas al descubrimiento de prueba y se señalaron las fechas para la toma de deposiciones. A preguntas del Juez, la representación legal de los Peticionarios argumentó que se le había enviado un requerimiento de producción de documentos y se le había solicitado que autenticara los documentos, a lo que se negó por no estar certificados. Añadió que el requerimiento de autenticación fue contestado y si el representante legal del Colegio tenía objeción sobre el método de contestación, debía presentar una moción al amparo de la Regla 34 de Procedimiento Civil, 32 LPRA

---

[5] Véase inciso 85 de la *Demanda* en el Apéndice *certiorari*, pág. 183.
[6] Apéndice *certiorari*, págs. 262-264.

Ap. V, R.34. Luego de varias controversias planteadas por las partes en la vista, el foro primario señaló lo siguiente:

> No se permitirá que las fechas seleccionadas para las deposiciones queden sin efecto por situación del descubrimiento de prueba de algún documento. [...] Se les solicita a los abogados agilizar los procedimientos en el caso.

Posteriormente, el 19 de diciembre de 2023, los Recurridos presentaron un escrito intitulado *Moción en solicitud de sanciones ante la temeridad en negativa de descubrir*.[7] Mediante este, solicitaron al foro primario que le impusiera sanciones a la parte Peticionaria, toda vez que habían obstaculizado el descubrimiento de prueba. En particular, señalaron que los Peticionarios se habían negado a autenticar ciertos documentos, viéndose obligados a incurrir en gastos de deposiciones a testigos. Indicaron, además, que los Peticionarios no produjeron los documentos solicitados y cuando se les requirió la autenticación de la evidencia obtenida, estos se negaron, por ser documentos no certificados. Por tales razones, solicitaron que se sancionara a dicha parte.

Tras varios trámites procesales, el 1 de febrero de 2024, se celebró la *Vista de Estado Procesal*. Según surge de la *Minuta*,[8] la parte Recurrida argumentó sobre las solicitudes de sanciones presentadas ante el foro primario y la réplica de los Peticionarios. En vista de ello, el foro primario ordenó a las partes a presentar por escrito cuales eran los documentos que se estaban solicitando, que informaran si se continuará con la toma de deposiciones y si se presentará prueba pericial. A su vez, se señaló una Vista de Estado Procesal para el 25 de abril de 2024.

En cumplimiento con lo ordenado por el foro primario, el 9 de febrero de 2024, los Recurridos presentaron *Moción en cumplimiento*

---

[7] Apéndice *certiorari*, págs. 271-273.
[8] Apéndice *certiorari*, págs. 43-45.

*de orden.*[9] Por virtud de esta, solicitaron que se emitieran órdenes a las diferentes agencias de gobierno, notarios y/o archiveros notariales para que suministraran información pertinente a la controversia, que los Peticionarios se habían negado a producir y autenticar. Argumentaron que la parte Peticionaria se había negado a cooperar en el descubrimiento de prueba, obstruyendo, dilatando y entorpeciendo el avance del litigio. Por tanto, al amparo de las Reglas 34.2 (c) y 34.4 de Procedimiento Civil, *supra*, R. 34, solicitaron, además, que se le impusiera como medida punitiva una sanción por los gastos incurridos en la producción de los documentos certificados y la obtención de prueba que se habían negado a producir, los cuales ascendían a $10,666.75.

El mismo 9 de febrero de 2024, el foro primario emitió y notificó *Orden*, en la que le concedió un **término de diez (10) días** a la parte Peticionaria para que presentara su posición en cuanto a las órdenes solicitadas.[10]

Así las cosas, el 12 de febrero de 2024, los Peticionarios presentaron *Moción en Cumplimiento de Orden*, en la que, entre otros asuntos, informaron al foro primario que enmendaron su contestación al requerimiento de autenticación de documentos cursado por el Colegio.[11] Además, solicitó un término de 48 horas para someter su Interrogatorio y Requerimiento de Documentos al Colegio y Desiderata. Ante ello, el mismo 12 de febrero de 2024, notificada al próximo día, el foro *a quo* emitió *Orden* en la que estableció lo siguiente: "Enterado. Se concede el término solicitado, con la advertencia que este Tribunal no permitirá ninguna dilación en el descubrimiento entre las partes".

---

[9] Apéndice *certiorari*, págs. 282-399.

[10] Véase entrada número 171 del expediente electrónico del caso HU2022CV00094 en el Sistema Unificado de Manejo y Administración de Casos ("SUMAC").

[11] Apéndice *certiorari*, págs. 46-47.

El 13 de febrero de 2024, el Colegio presentó *Moción en Solicitud de Expedición de Sanciones.*[12] Mediante esta, reiteraron el incumplimiento de la parte Peticionaria con la solicitud de producción de documentos, en adición a los requeridos para la toma de deposición. En vista de que la parte Peticionaria no había expuesto sus fundamentos objetando las ordenes solicitadas y ante su incumplimiento, procedía que el foro primario emitiera las órdenes para agilizar los procedimientos.

Al próximo día, los Peticionarios presentaron *Moción Informando en Cumplimiento de Proceso,* en la que informaron que, **dentro del término previsto por el foro primario, estarían presentado escrito relacionado a la controversia sobre el descubrimiento de prueba.**[13]

En cuanto a la *Moción en Solicitud de Expedición de Sanciones,* presentada por el Colegio, el 14 de febrero de 2024, el foro primario emitió y notificó *Orden,* en la que determinó lo siguiente:

> Enterado. El tribunal fue enfático en que el descubrimiento debe cumplir con la producción de documentos y contestaciones adecuadas a los interrogatorios. Cualquier objeción debe estar fundamentalmente conforme a derecho. Esto fue ordenado a las partes y **cualquier incumplimiento acarreará sanciones.** (Énfasis nuestro).

A su vez, el foro primario emitió una segunda *Orden,* relacionada a la *Moción Informando en Cumplimiento de Proceso* presentada por los Peticionarios, en donde expresó lo siguiente: Enterado. Véase orden de este mismo día.[14]

No obstante, el 15 de febrero de 2024, el foro primario emitió las diez (10) órdenes recurridas,[15] en las que le requirió a diversas agencias de gobierno, notarios y archiveros notariales que expidieran copias certificadas de expedientes, documentos y

---

[12] Apéndice *certiorari*, págs. 403-406.
[13] Apéndice *certiorari*, págs. 280-281.
[14] Véase entradas 179 y 180 de SUMAC.
[15] Apéndice *certiorari,* págs. 1-10.

escrituras pertinentes a la controversia de autos. Además, se le impuso como medida punitiva el pago de honorarios ascendientes a $10,666.75, los costos de las certificaciones emitidas a las distintas agencias, el costo de la deposición al Ingeniero Castro Lozada y el costo de la continuación de la deposición al peticionario Raúl Antonio Ortiz Dávila.

En desacuerdo, el 20 de febrero de 2024, los Peticionarios presentaron un escrito intitulado *Moción de reconsideración a ordenes contenidas en las entradas 181 a 190 de SUMAC; solicitando vista presencial para su discusión pues son contrarias al récord judicial; moción en cumplimiento de orden dictada en sala; y orden de protección bajo la Regla 23.2 PC*.[16] Evaluada tal solicitud, el 22 de febrero de 2024, el foro *a quo* la declaró *No Ha Lugar*.

Inconformes aún, el 27 de febrero de 2024, los Peticionarios comparecieron ante esta Curia mediante *Petición de Certiorari,* en la cual le imputaron al foro primario la comisión de los siguientes errores:

> Erró el TPI al expedir las diez (10) órdenes señaladas, pues lo hizo violentando el debido proceso de ley; las dictó sin haber vencido el término concedido a los peticionarios para presentar su posición; por lo que les violentó el derecho a ser escuchados y no tomar decisión sujeta al récord judicial pues no atendió previamente la posición de la parte peticionaria.
>
> Erró al emitir todas y cada una de las ordenes porque un análisis de récord judicial denota que, aunque improcedentes, los peticionarios habían contestado de forma adecuada todos los requerimientos de autenticación de documentos y al requerimiento de documentos y aun cuando todos los documentos estaban en manos de la demandante; y ciertamente e[r]an objetables en derecho bajo las disposiciones de la Regla 23.2 de Procedimiento Civil, según fue traído en vista judicial del 1ro de febrero de 2024[,] situación que no atendió.
>
> Erró al emitir cada una de las órdenes porque todas eran improcedentes, a la luz de la única controversia entre las partes, que es lo concerniente al predio de 13 metros reclamado como suyo y en posesión en dominio de los peticionarios y de su dueño anterior desde 1962, por lo que ningún documento que tenga que ver con la

---

[16] Apéndice *certiorari,* págs. 11-168.

estructura erigida, es pertinente al caso, situación que no atendió el tribunal.

Erró al no dejar sin efecto la deposición del Ing. Juan Ramón Castro Lozada, pues, como represento la demandant[e] para justificarla se dio alegadamente a la no autenticación de los documentos trabajados por este; los que conforme al récord judicial todos fueron autenticados; expediente que esta en manos la demandante; lo que hacia innecesaria su deposición.

Erró al imponer una sanción de carácter punitiva, como así lo expresó la orden, porque en Puerto Rico no operan daños punitivos; y porque siendo evidentes la petición de la demandante era improcedente porque se había cumplido con el descubrimiento de prueba cualquier sanción es improcedente; amen de que la sanción en la forma que se emitió es injusta e irrazonable, porque facturó toda su actuación en el litigio; sin someter documento alguno que lo sostenga.

Al próximo día, los Peticionarios presentaron *Moción solicitando auxilio de jurisdicción y solicitando la paralización del caso en instancia para no convertir en académico lo planteado en el recurso.* El 29 de febrero de 2024, esta Curia emitió *Resolución* en la que le concedimos un término de tres (3) días a la parte Recurrida para que se expresara en cuanto a la solicitud en auxilio de jurisdicción. En cumplimiento con lo ordenado, el 6 de marzo de 2024, la parte Recurrida presentó *Moción en cumplimiento de orden y oposición al auxilio de jurisdicción.* A su vez, presentó un escrito intitulado *Solicitud de rechazar de plano al amparo de la Regla 52.1 de Procedimiento Civil y la Regla 37 del Reglamento del Tribunal de Apelaciones.* Mediante *Resolución* emitida el 6 de marzo de 2024, declaramos *No Ha Lugar* la solicitud en auxilio de jurisdicción.

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

## II.

### A. *Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718

(2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR ___ (2023); 2023 TSPR 65 resuelto el 8 de mayo de 2023. Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Véase, además, *BPPR v. SLG Gómez-López,* 213 DPR __ (2023), 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra*, págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Manejo de Caso

El efectivo funcionamiento de nuestro sistema judicial, y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales. *In re Collazo I*, 159 DPR 141, 150 (2003). Es por ello, que a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *Íd.* **El Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente.** *In re Pagani Padró*, 181 DPR 517, 529 (2011). Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del foro primario. Siendo así, el Tribunal Supremo ha

manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, **salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.** *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). El ejercicio adecuado de la discreción se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

### C. *Regla 34 de Procedimiento Civil*

Las Reglas de Procedimiento Civil deben interpretarse de modo que faciliten el acceso a los tribunales, garantizando la solución justa, rápida y económica de los procedimientos. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V., R. 1. En nuestro ordenamiento jurídico, el cual es adversativo y rogado, "las partes tienen el deber de ser diligentes y proactivos al realizar trámites procesales." *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714, 719 (2009). Aunque se favorece que los casos se adjudiquen en sus méritos, "esto no significa que una parte adquiera el derecho a que su caso tenga vida eterna en los tribunales manteniendo a la otra parte en un estado de incertidumbre, sin más excusa para su falta de diligencia e interés en la tramitación del mismo que una escueta referencia a circunstancias especiales." *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 221-222 (2001); *Rivera et al. v. Superior Pkg., Inc. et al*, 132 DPR 115, 124 (1992). Por lo cual, el tribunal tiene la autoridad de sancionar a aquellos litigantes que dilatan innecesariamente los procedimientos. *Sánchez Rodríguez v. Adm. de Corrección, supra,* pág. 720.

A la luz de dicha facultad delegada a los tribunales, nuestro Máximo Foro ha definido el concepto sanción como "un mecanismo procesal que permite a los tribunales imponer su jurisdicción,

autoridad y pronunciamientos." *Mitsubishi Motors v. Lunor*, 212 DPR ___ (2023), 2023 TSPR 110, resuelto el 12 de septiembre de 2023, citando a *In re Collazo I*, 159 DPR 141, 150 (2003). Su propósito es incitar a una parte a que responda con prontitud "con el fin de alcanzar la solución justa, rápida y económica de los casos y que las controversias se puedan atender en los méritos". *Íd*, citando a *Valentín v. Mun. de Añasco*, 145 DPR 887, 896 (1998). "En ese sentido, el poder inherente de los tribunales para imponer sanciones permite la flexibilidad para escoger la sanción y ajustarla a los hechos, a la causa de acción de que se trate y al propósito que se persigue." *Íd*, citando a *Pagán Rodríguez v. Pres. Cams. Legs.,* 206 DPR 277, 288 (2021).

La Regla 34 de Procedimiento Civil, *supra,* R.34, establece el procedimiento que deben cumplir las partes, así como le tribunal, cuando surgen controversias relacionadas al descubrimiento de prueba. A su vez, postula las consecuencias de que una parte se rehúse a cumplir con una orden del tribunal de instancia al respecto. En particular, la Regla 34.1 de Procedimiento Civil, *supra,* dispone lo siguiente:

> Cuando surja una controversia en torno al descubrimiento de prueba, el tribunal sólo considerará las mociones que contengan una certificación de la parte promovente en la que indique al tribunal en forma particularizada que ha realizado esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con el abogado de la parte adversa para resolver los asuntos que se plantean en la moción y que éstos han resultado infructuosos.

A su vez, la Regla 34.2 de Procedimiento Civil*, supra,* R. 34.2, dispone que, comprobado los esfuerzos razonables arriba señalados, la parte promovente de una moción bajo la discutida regla, puede requerir al tribunal que dicte una orden para obligar a la parte promovida a descubrir lo solicitado. En lo pertinente, el inciso (c) de la precitada regla, dispone lo siguiente:

> (c) Concesión de gastos. Si se declara "con lugar" la moción, el tribunal, **después de dar a las partes la oportunidad de**

**ser oídas,** podrá imponer a la parte o deponente que incumplió, o a la parte o al abogado o abogada que haya aconsejado tal conducta, o a ambos, **el pago a la parte promovente del importe de los gastos en que se incurrió en la obtención de la orden, incluso honorarios de abogado o abogada,** a menos que el tribunal determine que existía una justificación válida para oponerse a la solicitud o que dentro de las circunstancias, el pago de los gastos resultaría injusto. (Énfasis y subrayado nuestro).

El tribunal podrá imponer la sanción de manera discrecional. **La oportunidad de expresarse por escrito conferida a la parte que se solicita se imponga la sanción es suficiente, "y hace innecesaria la celebración de una vista antes de imponer la sanción.** J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da. Ed., Publicaciones JTS, 2011, Tomo III, pág. 1010. "[P]lanteada ante un tribunal una situación que amerite sanciones, esta debe imponérsele en primer término al abogado de la parte". Sin embargo, si se demuestra al Tribunal que el cliente quien no suple la información, nada impide que se le imponga la sanción a éste y no a su abogado, si ha sido apercibido de la situación y sus consecuencias. *Íd*, pág. 1011.

A su vez, la Regla 34.3 de Procedimiento Civil, *supra,* R. 34.3, regula las consecuencias a las partes que se niegan a obedecer con las órdenes del tribunal. En lo pertinente, el inciso (b) y (c) de la precitada regla, dispone lo siguiente:

(b) Otras consecuencias. Si una parte o un funcionario o agente administrador de una parte, o una persona designada para testificar a su nombre según disponen las Reglas 27.6 ó 28, deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba, incluyendo una orden bajo las Reglas 32 y 34.2, el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas; entre ellas las siguientes:

(1) […].

(2) […].

(3) Una orden para eliminar alegaciones o parte de ellas, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, para desestimar el pleito o procedimiento, o cualquier parte de ellos, o para dictar una sentencia en rebeldía contra la parte que incumpla.

(4) […].

(5) […].

(6) Una orden, bajo las condiciones que estime justas, para imponer a cualquier parte, testigo o abogado o abogada **una sanción económica como resultado de sus actuaciones**.

(c) En lugar de cualesquiera de las órdenes anteriores o adicional a éstas, el tribunal impondrá a la parte que incumpla la orden o al abogado o la abogada que la aconsejó, o a ambos, **el pago del importe de los gastos, incluyendo honorarios de abogado o abogada,** a menos que el tribunal determine que existía una justificación válida para el incumplimiento o que, dentro de las circunstancias, el pago de los gastos resultaría injusto. (Énfasis nuestro).

La referida regla establece que el tribunal puede emitir sanciones, hasta la eliminación total o parcial de las alegaciones. En cuanto a esta última sanción, el Tribunal Supremo ha resuelto que la eliminación de las alegaciones, así como la anotación de rebeldía, son los castigos más severos para una parte que declina obedecer con una orden del tribunal en el descubrimiento de prueba. *Mitsubishi Motors v. Lunor, supra; HRS Erase v. CMT,* 205 DPR 689 (2020). Es por ello, que la imposición de sanciones "siempre se deben dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción". *Rodríguez Figueroa v. Joe's European Shop,* 183 DPR 580, 590 (2011).

Antes de decretarse una desestimación de una causa de acción o que se eliminen las alegaciones, el foro primario **tiene** que ejecutar el orden de prelación que establece la Regla 39.2 (a) de Procedimiento Civil, *supra,* R.39.2(a).[17] *Mitsubishi Motors v. Lunor, supra.*

---

[17] La aludida Regla dispone lo siguiente:

(a) Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.

Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. **Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación.** Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las

Sobre ello, nuestro máximo foro expresó lo siguiente:

> Primero, el tribunal tiene que apercibir de la situación a la representación legal de la parte y concederle la oportunidad para responder. **Si el representante legal no responde al apercibimiento, el tribunal le impondrá sanciones y le notificará directamente a la parte sobre el asunto.** Una vez que la parte haya sido informada o apercibida de la situación y de las consecuencias que el incumplimiento conlleva, deberá corregirla dentro del término que el tribunal de instancia le conceda. El plazo conferido será razonable y, salvo que las circunstancias del caso lo justifiquen, no será menor de treinta días. Si la parte no toma acción correctiva al respecto "nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas." Cumplido este trámite, el tribunal se encontrará en posición para imponer la sanción que corresponda. (Citas omitidas). *Íd.*

Por su parte, la Regla 34.4 de Procedimiento Civil, *supra,* R. 34.4, dispone lo siguiente:

> Si una parte se niega a admitir la autenticidad de cualquier documento o la veracidad de cualquier asunto requerido bajo la Regla 33 y la parte requirente prueba posteriormente la autenticidad de tal documento o la veracidad del asunto, **dicha parte podrá solicitar del tribunal una orden para exigir a la otra parte el pago de los gastos razonables en que incurrió en obtener tal prueba, incluso los honorarios de abogado o abogada**. El tribunal concederá dicha compensación excepto cuando determine que:
>
> (1) el requerimiento era objetable según lo dispuesto en la Regla 33(a);
>
> (2) las admisiones que se solicitaron carecen de valor sustancial;
>
> (3) la parte que se negó a admitir tenía razones justificadas para creer que prevalecería en el asunto, o (4) existía alguna otra razón válida para la negativa. (Énfasis nuestro).

Sobre la aludida Regla, el tratadista Rafael Hernández Colón comenta que en los casos donde se le requiere a una parte a admitir la autenticidad de un documento, se podrá presentar una moción cuestionando la suficiencia de las contestaciones u objeciones. R. Hernández Colón, *Derecho Procesal Civil,* 6ta Ed., Lexis Nexis, 2017, pág. 376. A esos fines, "[e]l tribunal podrá ordenar que se dé por admitido lo requerido o que se notifique una contestación

---

consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término. (Énfasis nuestro).

enmendada o determinar que se dispondrá del requerimiento en una conferencia con antelación a juicio." Además, podrá imponer sanciones económicas al amparo de la Regla 34.2 (c) de Procedimiento Civil, *supra*. *Íd.*

**III.**

En el presente recurso, la parte Peticionaria nos alega que erró el foro primario al imponerle la sanción económica y ordenar a varias agencias y/o abogados a producir prueba, que estima no es pertinente para la resolución del pleito y que está en poder de la parte Recurrida. Añade que el foro primario violó su debido proceso de ley, al emitir las ordenes de las que recurre sin darle la oportunidad de ser oído.

Por su parte, el Recurrido señala que en este caso no están presentes los requisitos dispuestos en la Regla 52.1 de Procedimiento Civil, *supra,* ni la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Por tales razones, no procede la expedición del auto de *certiorari.*

En primer lugar, nos corresponde resolver si el foro primario violó el debido proceso de ley de la parte Peticionaria, al no darle oportunidad de ser oído antes de imponer la sanción económica y ordenar la producción de documentos a las agencias, archiveros notariales y notarios. Veamos.

Según surge del expediente apelativo y luego de una revisión del caso de autos en SUMAC, notamos que el foro primario emitió las órdenes recurridas, sin conferirle a la parte Peticionaria la oportunidad de expresarse. Los hechos establecen que el 1 de febrero de 2024 se celebró ante el foro primario una *Vista de Estado Procesal.* La *Minuta* de la vista revela que se suscitaron varias controversias relacionadas al descubrimiento de prueba. La representación legal del Recurrido informó al tribunal que se le había enviado un requerimiento de documentos y autenticación de

documentos a los Peticionarios y que dicha parte se había negado producirlos. El representante de los Peticionarios replicó, estableciendo que había cumplido con los requerimientos y que los documentos que el Recurrido pretende que se autentiquen no responden a la realidad extraregistral. Ante ello, el foro primario le concedió un término de diez (10) al Colegio para que presentara una moción especificando los documentos que está requiriendo y se le conferiría una oportunidad a los Peticionarios de replicar.

Oportunamente, el 9 de febrero de 2024, el Recurrido presentó *Moción en cumplimiento de orden*, solicitando sanciones económicas y que se emitieran las correspondientes órdenes para descubrir lo solicitado. Cabe destacar que dichas solicitudes fueron al amparo de las Reglas 34.2 (c) y 34.4 de Procedimiento Civil, *supra.* Ese mismo día, el foro primario emitió y notificó *Orden*, confiriéndole **diez (10) días** a la parte Peticionaria para replicar dicha solicitud. **En vista de ello, la parte Peticionaria tenía hasta el <u>19 de febrero de 2024</u> para presentar su posición en cuanto a la solicitud del Recurrido.**

No obstante, el **13 de febrero de 2024**, el Colegio presentó un escrito intitulado *Moción en Solicitud de Expedición de Sanciones,* en la que reiteraron su solicitud de sanciones. Además, establecieron que los Peticionarios no había replicado su solicitud y se debía entender que dicha parte no poseía fundamento para oponerse a su petición. Al próximo día, los Peticionarios presentaron *Moción Informando en Cumplimiento de Proceso*, en el que informó que, **dentro del término concedido por el foro primario, estaría oponiéndose a la solicitud del Recurrido. A esta última moción de los Peticionarios, el foro primario emitió *Orden*, en la que expresó: <u>Enterado.</u>** (Énfasis nuestro). **Sin haberse expirado el término conferido mediante *Orden* de 9 de febrero de 2024, el**

**foro primario emitió las diez (10) órdenes recurridas el 15 de febrero de 2024.**

Como establecimos anteriormente, cuando se suscitan controversias relacionadas con el descubrimiento de prueba, la Regla 34.1 de Procedimiento Civil, *supra,* dispone que las partes deberán certificar que han realizado esfuerzos razonables y de buena fe para resolver las controversias. Acreditadas dichas gestiones, se podrá presentar una moción al amparo de la Regla 34.2 de Procedimiento Civil, *supra,* para que se ordene a una parte a descubrir lo solicitado. El inciso (c) de la precitada Regla, establece antes de declarar "con lugar" la moción e imponer el importe de los gastos para la obtención de la orden y/o honorarios de abogado, **el tribunal deberá darle la oportunidad a las partes a ser oídas.** Regla 34.1 de Procedimiento Civil, *supra.*

En el presente caso, el foro primario le concedió un término de diez (10) días, a partir del 9 de febrero de 2024, para presentar su posición sobre la petición de sanciones y producción de documentos a distintas agencias, archiveros notariales y notarios. Antes de expirar dicho término, el 15 de febrero de 2024, el foro primario no solo emitió órdenes a las agencias, sino que sancionó a los Peticionarios. Como medida punitiva, ordenó el pago de honorarios, ascendentes a $10,666.75 y, además, le impuso el costo de las certificaciones emitidas por las distintas agencias, costo de la deposición del Ing. Castro Lozada y de la continuación de la deposición del Sr. Ortiz Dávila, así como los costos de las copias certificadas.

En vista de las sanciones impuestas a la parte Peticionaria, la Regla 34.2 de Procedimiento Civil, *supra,* impone como requisito para dicha medida punitiva, que se le confiera a la parte la oportunidad de ser oída. Contrario a lo que alegan los Peticionarios, no es necesario la celebración de una vista. Dicho requisito puede

cumplirse mediante la presentación de una moción a esos fines. Además, el ordenamiento requiere que, en casos de incumplimiento de una de las partes, el tribunal tiene que apercibir a la representación legal de la parte y concederle oportunidad de responder. "**Si el representante legal no responde al apercibimiento, el tribunal le impondrá sanciones y le notificará directamente a la parte sobre el asunto".** *Mitsubishi Motors Sales of Caribbean, Inc. v. Lunor, Inc. y otros, supra.*

Por lo antes expuesto, resolvemos erró el foro primario al emitir las órdenes recurridas sin concederle a la parte Peticionaria la oportunidad de ser oída. Por tanto, concluimos que el primer error si se cometió.

De otro lado, advertimos que cuando el tribunal se disponga, **en el ejercicio de su discreción**, a imponerle a la parte una sanción punitiva, como la de este caso, deberá cumplir con el orden de prelación establecido en la Regla 39.2 de Procedimiento Civil, *supra*, y la jurisprudencia vigente. Es decir, podrá imponerla al abogado y si este no responde o incumple con las órdenes del tribunal, deberá apercibir directamente a la parte. Además, resaltamos que dicha determinación no debe interpretarse que estamos interfiriendo con la facultad del foro primario para imponer, en el ejercicio de su discreción, sanciones a las partes que incumplan con sus determinaciones.

**IV.**

Por los fundamentos expuestos, **expedimos** el auto de *certiorari* y **revocamos** las órdenes recurridas. En consecuencia, devolvemos el caso ante el foro primario para la continuación de los procedimientos de conformidad con lo aquí resuelto.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones